OPINION
{¶ 1} Dane L. Dwertman, defendant-appellant, entered a guilty plea to the stipulated lesser-included offense of unlawful sexual conduct with a minor, a fourth-degree felony.
 {¶ 2} The State of Ohio, plaintiff-appellee, provided a statement of facts in support of the plea. The prosecutor stated that the victim's mother contacted the Columbus Police Department to report that her 15-year-old daughter was pregnant as a result of sexual conduct with appellant, a 27-year-old male. The victim was interviewed by the police and said that she had had sex with appellant on one occasion and that she was not forced into the act.
 {¶ 3} The trial court accepted the plea and continued the case for further hearing on sentencing and sexual predator issues.
 {¶ 4} No testimony was presented at this hearing. The prosecution presented three exhibits: a report of a pre-sentence investigation and two others, letters purportedly written by appellant to the youthful victim. Appellant's objection to the admission of the letters was overruled.
 {¶ 5} The trial court imposed the maximum sentence of 18 months and found appellant to be a sexual predator.
 {¶ 6} Appellant has appealed, asserting the following assignments of error:
[I.] The trial court erred by imposing the maximum allowable sentence.
[II.] The trial court's decision finding Appellant to be a "sexual predator" as defined by [R.C.] 2950.01(E) is contrary to the weight of the evidence.
[III.] The trial court erred by admitting irrelevant and unfairly prejudicial exhibits over objection of defense counsel.
 {¶ 7} In State v. Edmonson (1999), 86 Ohio St.3d 324, the Ohio Supreme Court addressed the statutory requirements for imposing a maximum sentence. In construing R.C. 2929.14(C) and 2929.19(B)(2)(d), the court determined that "[i]n order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." Id. at 329.
 {¶ 8} R.C. 2929.14(C) provides that a sentencing court should refrain from imposing the maximum allowable sentence except in certain limited types of cases — such as those in which the offender has committed theworst form of the offense or presents the greatest likelihood of recidivism.
 {¶ 9} In sentencing appellant, the trial court made findings (separately) as follows in relation to the two previously mentioned requirements of R.C. 2929.14(C). The trial court, in sentencing appellant, stated as follows:
This offense I find to be more serious because the victim was 15 years of age. And, in fact, during the period of this matter, the information that the Court has from the victim is that while this matter was pending, you were telling her to lie about things on your behalf which that gives me concern.
(Emphasis added; Tr. at 22.)
 {¶ 10} Additionally, the trial court, in imposing the maximum sentence, stated: "And the reason that I am imposing that maximum sentence is because it seems to me that given the records that I have before me, the number of times the Defendant has been on probation, on community control and that he has been revoked, there is a very greatlikelihood of recidivism." (Emphasis added; Tr. at 22.)
 {¶ 11} The trial court in applying a conclusive term to the factors resulting in the judgment did not use the exact words of R.C. 2929.14(C). The statute provides that there must be a finding that the offender has committed the worst form of the offense. The trial court used the wordsmore serious. The statute requires a finding of greatest likelihood of recidivism and the trial court used the words a very great likelihood of recidivism.
 {¶ 12} The findings of the trial court are more equivocal than those required by the statute. The trial court used more serious rather than the worst form of the offense and a very great likelihood rather than thegreatest likelihood of recidivism. While the trial court may have intended to follow the statute and its requirements for imposition of the maximum sentence, the trial court varied enough that the case should be remanded to the trial court to affirmatively determine whether appellant committed either the worst form of the offense of which appellant was convicted or that appellant presented the greatest likelihood of recidivism.
 {¶ 13} The first assignment of error is sustained. The case is remanded to the trial court to determine whether the factors found by the trial court are sufficient to support the imposition of a maximum sentence using the test of sufficiency set forth in R.C. 2929.14(C) and herein.
 {¶ 14} The trial court also found appellant to be a sexual predator as defined by R.C. 2950.01(E). Appellant argues that this finding is contrary to the weight of the evidence. R.C. 2950.01(E)(1) states as follows: "`Sexual predator' means a person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses." To show a defendant is a "sexual predator" the state must prove by clear and convincing evidence that the person has been convicted of committing a sexually oriented offense and that he is likely to re-offend. R.C. 2950.01(E) and 2950.09(B)(3); see, also, State v. Cook
(1998), 83 Ohio St.3d 404. Appellant argues that there was evidence only of a single isolated sexual offense.
 {¶ 15} As previously stated, at the time the trial court accepted appellant's plea to the lesser-included offense of unlawful sexual conduct with a minor, the trial court was told that the victim told police that she had sex with appellant on one occasion and that she was pregnant as a result of that sexual conduct. However, during the sexual predator hearing, the state offered two letters written by appellant to the victim. Through those letters, appellant professed his love for the victim, admitted he knew she was 15 years old, and encouraged the victim to lie for him. These letters are not hearsay because they were written by appellant, a party to the case. Statements by a party, according to Evid.R. 801, are not hearsay. Hence, appellant's objection to these letters was properly overruled. The letters were relevant in determining both the seriousness of the offense and the likelihood of appellant to be a recidivist together with the determination of whether appellant is a sexual predator. The letters establish evidence of lack of remorse in that, despite the 12-year-age difference, appellant is writing love letters to the victim and urging her to testify that he was not aware of how young she was at the time of the offense. Also included in the sexual predator hearing was the pre-sentence report which outlines serious involvement of appellant with the law, albeit not sexual offenses, and a failure to comply with community control.
 {¶ 16} There was sufficient evidence to support the findings of the trial court that appellant is a sexual predator. Appellant's second assignment of error is overruled.
 {¶ 17} In his third assignment of error, appellant argues that the state's Exhibit 2 and 3, letters written from appellant to the alleged victim while appellant was in jail, were not relevant in the determination of whether appellant is a sexual predator. As previously stated, this objection is not well-taken. The age of the offender, the age of the victim, and the offender's prior criminal record are factors to be considered, as they fall under any additional behavioral characteristics that contribute to the offender's conduct and support a finding that appellant has no remorse and is likely to continue to be involved with the still under-age victim.
 {¶ 18} Appellant's third assignment of error is overruled.
 {¶ 19} Appellant's first assignment of error is sustained, and appellant's second and third assignments of error are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this case is remanded to that court to re-sentence appellant after determining whether the offense to which appellant was found guilty was the worst form of the offense and/or that appellant presented the greatest likelihood of recidivism.
Judgment affirmed in part and reversed in part; case remanded.
BROWN, P.J., and BRYANT, J., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.